# IN RE SCOTT.

PATENTS; REJECTION OF CLAIMS; NEW MATTER; ANTICIPATION; DUPLICATION OF PARTS.

1. A claim to a printing-press is unpatentable, where it amounts to a mere duplication of what is shown in the prior art and involves the production of no new result save, perhaps, greater convenience.

2. While amendment of claims and the introduction of new claims are freely allowed, provided they are disclosed and there is proper basis for them in the original specifications or drawings, yet no such amendment or addition will be allowed when it involves new matter not so disclosed in the original application, as intervening rights of other parties may have accrued which may be affected by it (following *Bechman* v. *Wood*, 15 App. D. C. 484) ; but an applicant advancing such claims is not precluded from presenting them in a new and distinct application, if he so desires.

3. *Quære*,—whether this court has the power to review the action of the Patent Office in refusing to allow certain new claims of an applicant, on the ground that they contain new matter not disclosed by the original application, or whether such action is not rather to be regarded as the exercise of the power to allow or refuse an amendment, which is not the subject of review by this court.

4. The claims of an applicant copied from a patent granted to another upon a printing-press were held to have no proper foundation in the application as filed, and to constitute new matter injected by amendment.

5. Where a claim inserted by amendment includes new matter not originally disclosed, it was *held* that if the change from the original was an obvious one which would occur to anyone, it was not patentable, and if it was not obvious it involved new matter.

No. 280.  Patent Appeals.  Submitted March 11, 1905.  Decided April 4, 1905.

HEARING on an appeal from a decision of the Commissioner of Patents refusing to allow certain claims of an applicant for a patent.                                        *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Walter C. Clephane* and *Mr. R. W. Barkley* for the appellant.

*Mr. John M. Coit* for the Commissioner of Patents.

Mr. Justice MORRIS delivered the opinion of the Court:

This is an appeal from a decision of the Acting Commissioner

of Patents, wherein he refused to allow certain claims of the applicant, Walter Scott, on the ground that they contained new matter not disclosed by the original specifications and drawings.

On April 19, 1895, nearly ten years ago, the applicant filed his application for a patent for certain improvements claimed to have been made by him in printing-machines of the rotary character, for the printing of newspapers. The application, as filed, contained eleven claims, some of which were subsequently abandoned, and others substituted in their place; and several other claims were added from time to time until the number reached twenty-three. At least two interferences were declared between the applicant and one Samuel G. Goss, who had an application pending at the same time. These successive interferences were dissolved on the motion of Goss, on the ground that there was no interference in fact. Subsequently a patent was issued to Goss.

Thereupon the appellant copied some of Goss's claims, evidently for the purpose of another interference; and these are the matter-in controversy here; and they are the following:

"9. In a printing-press, the combination with a plurality of sets of printing mechanism arranged one above another, of means for starting and stopping different sets of printing mechanism independently, means for coupling together certain of said sets of printing mechanism, a plurality of folding mechanisms arranged one above another, and means for driving said folding mechanisms independently of one another and in combination with different sets of printing mechanism."

"17. The combination of a number of double-width web-presses arranged one above another and each perfecting its own webb, and more than two independent folding, cutting, and delivering mechanisms placed at one end of said presses and arranged with one pair thereof side by side on one level or plane, and the remainder on a different level or plane, and all said mechanism in one vertical plane."

"32. In a printing-press, the combination with a plurality of sets of printing mechanism, of driving devices at each side of the press, and independent driving-shafts for driving the same

set or sets of printing mechanism from opposite sides of the press.

"33. The combination with a set of printing mechanism of a plurality of folding mechanisms and means for operating said folding mechanisms independently of one another from and in combination with the printing mechanism.

"34. The combination with a plurality of sets of printing mechanism, of a folding device, and means for driving said folding device from and in combination with different sets of printing mechanism operating separately.

"35. In a printing-press, the combination of three or more sets of printing mechanism arranged one above another in a common frame and capable of operation as distinct and independent presses, means for coupling together certain of said sets of printing mechanism, and means for starting and stopping said coupled sets and the other set or sets of printing mechanism independently of each other.

"36. In a printing-press, the combination of a plurality of sets of printing mechanism, means for starting and stopping certain sets of printing mechanism independently, a plurality of folding mechanisms, and means for driving said folding mechanisms independently of each other and in combination with different sets of printing mechanism."

Of these seven claims that numbered 17 was rejected on the ground of its anticipation by an English patent issued in 1889 to Henry Edward Newton; and the other six were rejected on the ground that they, each and all of them, comprised new matter not disclosed in the original application. All the tribunals of the Patent Office concurred in this rejection; and the applicant has now appealed to this court.

1. In reference to claim No. 17 no very great consideration of the matter is required from us. In fact, it is not very seriously pressed by the applicant; and it is very clear that it was anticipated by the patent to Newton. It only differs from one of the claims of that patent by the duplication of the mechanism employed. One set of mechanism is shown in the English patent; two sets of the same or similar mechanism one above the

other are shown in this claim No. 17, without any new result from the collocation other than that perhaps of greater convenience. But duplication is not invention unless by the combination a new or better result is evolved. It is no more than a mechanical process that does not require the inventive faculty for its development.

2. But a different question is presented by the other six claims of the appellant. These have been rejected, as already stated, on the ground that there is no foundation for them in the original application; that they are not disclosed in the specifications or drawings of that application; and that they are new matter injected into the application, for which there is no warrant. As we understand the position of the office, it is to the effect that, while amendment of claims and the introduction even of new claims are freely allowed, provided that they are disclosed and there is a proper basis for them in the original specifications or drawings, yet no such amendment or addition shall be allowed when the proposed amendment or addition involves new matter not so disclosed in the original application. And this position undoubtedly is fully sustained by the adjudications in the cases of *Chicago & N. W. R. Co.* v. *Sayles,* 97 U. S. 554, 24 L. ed. 1053, *Bechman* v. *Wood,* 15 App. D. C. 484, and other cases in this court. The reason for the rule is that intervening rights may have accrued which may be greatly affected by the allowance of such amendment or addition, as indeed would very clearly be the case in the present instance, inasmuch as the very claims in question had been patented to Goss during the pendency of the present application. We understand, also, that an applicant advancing such claims is not precluded from presenting them in a new and distinct application, if he so desires.

If the action of the Patent Office in the premises were to be regarded merely as the exercise of the power, which it undoubtedly possesses, to allow or refuse amendment with proper judicial discretion, it might be questioned whether this court had authority to review such discretionary exercise of power. But it has been the usage of the Patent Office to treat the question

here involved as one of substantial right, and to pass upon it as
upon the question of patentability itself; and it may be that,
under the decision in the case of *United States ex rel. Steinmetz*
v. *Allen,* 192 U. S. 543, 48 L. ed. 555, 24 Sup. Ct. Rep. 416,
a party has the right to insist upon the final determination of
the question in the application under which he raises it. At all
events, no question of jurisdiction is made here, and none need
be considered.

Passing, then, to the consideration of the appeal upon its
merits, we find, after a careful consideration of the record and
of the briefs and arguments of counsel, that no sufficient reason
has been shown for the reversal of the action of the Acting Com-
missioner of Patents. To the careful and most elaborate opin-
ions rendered in the case by the tribunals of the Patent Office,
although they differ in some particulars, it would serve no good
purpose to add another, and to examine the details of the appli-
cant's claims in their technical aspect with reference to the
original specifications and drawings, inasmuch as we approve
those opinions and the results which they reach. We may, how-
ever, properly add one or two considerations to what they have
said.

With reference to claim No. 9, one of its most important
features, indeed the feature which made the claim patentable to
Goss, is that of "means for driving said folding mechanisms in-
dependently of one another and in combination with different
sets of printing mechanism," which is wholly wanting in the
applicant's original specifications. In these the several sets of
printing mechanism each combine with only one folder. This is
a radically different form of construction.

So in claim No. 35 there is call for "three or more sets of
printing mechanism arranged one above another and capable of
operation as distinct and independent presses," while in the
original application the claim was confined to two sets. Now,
the difference either is or is not a patentable novelty. If the
change is an obvious one which would occur to anyone, it is not
patentable. If it is not obvious, then there is no disclosure of
it in the original specifications.

Claim No. 32 calls for "independent driving-shafts for driving the same set or sets of printing mechanism from opposite sides of the press," while in the original specifications there was only one driving-shaft for each set. Claim No. 33 includes "means for operating the folding mechanisms independently of one another from and in combination with the printing mechanism," while the original disclosure was of folders which could not be operated from the printing mechanism. The same objection holds to claim No. 34; and claim No. 36 is not substantially different from claim No. 9, and is subject to the same objection.

We do not see that there was any error in the ruling of the Acting Commissioner, and we think that his decision should be, and it is hereby, affirmed.

The clerk will certify this opinion and the proceedings in this court in the premises to the Commissioner of Patents, according to law.                              *Affirmed.*